UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **CARMEN MCCLEERY, INDIVIDUALLY AND AS EXECUTRIX OF THE SUCCESSION OF DONALD MCCLEERY, SR.** | **CIVIL ACTION NO. 1:20-CV-01187** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **MELANIE MCCLEERY SPEED, ET AL** | **MAGISTRATE JUDGE JOSEPH H.L. PEREZ-MONTES** |

MEMORANDUM RULING

Before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion") filed by Defendants Melanie M. Speed ("Speed") and Donald T. McCleery, Jr. ("Donald, Jr.") (collectively, "the decedent's children") in the above-captioned matter. [Doc. 10]. Also addressed herein is the Court's *sua sponte* analysis of the probate abstention doctrine's application to the facts and claims at issue. For reasons which follow, the Motion is GRANTED IN PART and DENIED IN PART. The Court further finds it appropriate under these facts to abstain from adjudicating the claims brought by Plaintiff in her capacity as executrix.

BACKGROUND

Plaintiff, Carmen J. McCleery ("McCleery"), married Donald T. McCleery, Sr. (hereinafter referred to as "Donald, Sr." or "the decedent") in 2003. [Doc. 1 ¶ 3]. Prior to their marriage, Plaintiff and Donald, Sr. executed a "Matrimonial Agreement

1

Establishing Separate Property Regime" (the "Separate Property Agreement").[1] [*Id.*]. The decedent separately owned three life insurance policies – two with Defendant State Farm Life Insurance Company ("State Farm") and one with Defendant Hartford Life and Accident Insurance Company ("Hartford"). [*Id.* ¶¶ 2,4].

Donald, Sr. died testate on March 27, 2020. [*Id.* ¶ 12]. He is survived by Plaintiff as well as two adult children from a previous marriage – Speed and Donald, Jr. [Doc. 10-2]. The decedent's succession has been opened in the 28th Judicial District Court of Louisiana in LaSalle Parish,[2] and the presiding judge has appointed Plaintiff as the Testamentary Executrix of the Succession. [Doc. 1 ¶ 12]. The succession proceedings are ongoing. [Doc. 24].

All parties to the present litigation agree that at the time of the decedent's death,[3] the primary beneficiaries on his three life insurance policies were designated as follows: (i) Speed and Donald, Jr. under one State Farm policy; (ii) Speed, Donald, Jr., and McCleery under a second State Farm policy; and (iii) Speed and Donald, Jr.

---

[1] The movants attached a certified copy of the Separate Property Agreement to this Motion. [Doc. 10 Ex. A]. In ruling on a Rule 12(b)(6) motion, the district court may take judicial notice of matters in the public record. *Clyce v. Farley*, 18-11189, 2020 WL 6736226, at *3 (5th Cir. Nov. 16, 2020) (citing *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007)). Because the Separate Property Agreement is filed in the conveyance records of LaSalle Parish [Conveyance Book 280, pp. 215-219, instrument number 188660], the Court takes judicial notice of Exhibit A.

[2] In addition to the Separate Property Agreement, the decedent's children attached a certified copy of the Petition for Probate, Donald, Sr.'s Last Will and Testament, and the Order Appointing Testamentary Executrix to this Motion. [Doc. 10 Ex. B]. These documents have been filed into the record of the decedent's succession proceedings, Docket No. 41755, in LaSalle Parish. [Doc. 10-2]. The Court likewise takes judicial notice of these documents and the matters to which they refer.

[3] State Farm and Hartford indicate that Donald, Sr. changed the primary beneficiaries on his life insurance policies by executing "Change of Beneficiary" forms several times since the time of purchase.

under the Hartford policy. [Docs. 7, 10, 16, 25]. Plaintiff disputes the validity of the designations naming Speed and Donald, Jr. as beneficiaries under the State Farm and Hartford policies.

State Farm paid life insurance proceeds to the primary beneficiaries designated by the decedent in accordance with the terms of the subject policies. [Doc. 7 ¶ 9]. Hartford has not yet made payment to any beneficiaries under the Hartford policy and instead filed a cross claim in interpleader, seeking to deposit the contested value of the proceeds with the Court. [Doc. 16].

On September 14, 2020, Plaintiff initiated this action pursuant to 28 U.S.C. § 1332's grant of diversity of citizenship subject matter jurisdiction to obtain relief in both her capacity as executrix of Donald, Sr.'s succession as well as in her personal capacity. [Doc. 1]. In her capacity as executrix, she brings claims directly related to her duty as succession representative to account for the decedent's property. [*Id.*]. Specifically, she submits that Speed and Donald, Jr. have taken items of the decedent's property without providing notice or an accounting. [*Id.*]. As such, McCleery requests an order from the Court mandating that Speed and Donald, Jr. return the decedent's property to her so that she may fulfill her obligations as executrix of the estate. [*Id.*].

Plaintiff also separately asserts causes of action in her individual capacity for detrimental reliance, unjust enrichment, and undue influence. These claims derive from McCleery's contention that she loaned various amounts of money and donated property to Donald, Sr. based upon his assurances that he had named her as the

3

primary beneficiary on his three life insurance policies.[4] [*Id.*]. She therefore maintains that she is entitled to the value of the life insurance proceeds otherwise paid or payable to the decedent's children. [*Id.*].

Speed and Donald, Jr. filed this Motion on November 16, 2020, arguing that McCleery's claims against them in both capacities fail under Rule 12(b)(6). [Doc. 10-2]. Plaintiff opposed the Motion on December 30, 2020 [Doc. 25], to which the movants replied on January 4, 2021. [Doc. 26]. The Court *sua sponte* raised the issue of abstention with all parties and requested briefing on its potential application with respect to the claims brought in Plaintiff's capacity as executrix. [Doc. 19]. Before considering the merits of the Motion, the Court will address whether abstention pursuant to the probate exception to diversity subject matter jurisdiction (the "probate exception") is warranted in light of this matter's procedural posture and the claims at issue. [Docs. 21, 22, 23, 24].

## DISCUSSION

### I. The Probate Exception

This matter stems from the death of Donald, Sr. and a resulting dispute among Plaintiff and the decedent's children about the administration and distribution of estate assets as well as the benefits due them per the terms of the three life insurance

---

[4] For instance, Plaintiff alleges that she (i) loaned the decedent $19,000 from her IRA account in 2008 [*Id.* ¶ 6], (ii) loaned the decedent "various additional amounts" after he declared bankruptcy in 2010 [*Id.* ¶ 7], (iii) donated the decedent a 2000 Lincoln Town Car valued at $8,600 in 2010 and a 2010 Lincoln MKZ valued at $17,980 in 2015 [*Id.* ¶ 8], (iv) refinanced the mortgage on her home, which was her separate property, as security for the decedent's loan with Home Federal Savings Bank to pay off his gambling debts in September of 2015 [*Id.* ¶ 9], and (v) agreed to a superseding joint multiple indebtedness mortgage loan to pay off the decedent's credit card and personal debts in May of 2016. [*Id.* ¶ 10].

4

contracts. The claims triggering potential application of the probate exception are those asserted in Plaintiff's capacity as executrix – which deal exclusively with her efforts to marshal estate assets for appropriate distribution.[5]

McCleery, in her capacity as executrix, alleges that Speed and Donald, Jr. are in possession of: (i) funds withdrawn from the decedent's bank accounts, (ii) various items of the decedent's personal property, including a Rolex watch, and (iii) proceeds from the decedent's Hospital Income policy. [Doc. 1 ¶ 22]. She requests that the Court order Speed and Donald, Jr. to return all assets belonging to Donald, Sr. that were acquired within one year of his death so that she may fulfill her duties to perform an accounting of the succession, pay estate debts, and distribute estate property in accordance with Donald, Sr.'s Last Will and Testament. [*Id.* ¶ 16].

The probate abstention doctrine serves as an exception to diversity subject matter jurisdiction, as federal courts "ha[ve] no jurisdiction to probate a will or administer an estate." *Breaux v. Dilsaver*, 254 F.3d 533, 536 (5th Cir. 2001) (quoting *Markham v. Allen*, 326 U.S. 490, 494, 66 S.Ct. 296, 90 L.Ed. 256 (1946)). In this regard, the Supreme Court has held that,

> federal courts of equity have jurisdiction to entertain suits 'in favor of creditors, legatee, and heirs' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in custody of the state court.

---

[5]  The Court would note that the probate exception is not implicated as to the claims brought by Plaintiff in her personal capacity as these claims are *in personam* and do not relate to estate property. *See Curtis v. Brunsting*, 704 F.3d 406, 409 (5th Circ. 2013) (explaining that the probate exception does not apply when the plaintiff seeks an *in personam* judgment against the defendant) (*quoting Marshall v. Marshall*, 547 U.S. 293, 297; 126 S.Ct. 1735; 164 L.Ed.2d 480 (2006)).

5

*Breaux*, 254 F.3d at 536 (citing *Markham*, 326 U.S. at 494). The probate exception, then, functions "to proscribe 'disturb[ing] or affect[ing] the possession of property in the custody of a state court.' " *Marshall v. Marshall*, 547 U.S. 293, 311; 126 S.Ct. 1735; 164 L.Ed.2d 480 (2006).

Following this Supreme Court precedent, the Fifth Circuit has developed a two-step test to determine whether the probate exception should apply to a given case. Under this framework, the Court must evaluate: (i) whether the property in dispute is estate property within the custody of the probate court and (ii) whether the plaintiff's claims would require the federal court to assume *in rem* jurisdiction over that property. *Kinder Morgan, Inc. v. Crout*, 814 F. App'x. 811, 815 (5th Cir. 2020), *reh'g denied,* (June 17, 2020); *Curtis v. Brunsting*, 704 F.3d 406, 409 (5th Circ. 2013). If the answer to both inquiries is yes, then the federal district court should refrain from exercising jurisdiction. *Kinder Morgan*, 814 F. App'x. at 815.

Here, Donald Sr.'s succession proceedings remain open, and the assets formerly owned by him are now estate property legally under administration by a state court.[6] Because Plaintiff seeks a judicial determination that the disputed assets are properly under the jurisdiction of an open succession proceeding pending in the 28th Judicial District Court in Lasalle Parish, the Court finds that the first prong of the *Curtis* test is satisfied. *See Curtis*, 704 F.3d at 409. Stated differently, assuming

---

[6] Although McCleery is deemed to have physical possession of all estate property throughout the administration of the succession, *see* La. Code Civ. Proc. art. 3211 ("A succession representative shall be deemed to have possession of all property of the succession and shall enforce all obligations in its favor"), the property is legally in the custody of the state probate court that appointed her as succession representative.

Plaintiff's allegations are true, the assets allegedly in the possession of Speed and Donald, Jr. are within the legal custody of the 28th Judicial District Court. *See Hildebrand v. City of New Orleans*, 549 So.2d 1218, 1232 (La. 1989) ("As long as the property is under administration it remains in the custody of the law...") (citing *Succession of Stauffer*, 119 La. 66, 43 So. 928 (1907)); *Succession of Pailet*, 602 So.2d 152, 154 (La. App. 5th Cir. 1992) ("Once a succession is opened and the estate is under administration, all property remains in the custody of the law...").

Similarly, the second prong of the *Curtis* test is met as this Court's classification of certain assets as estate property subject to an ongoing succession proceeding would necessarily oblige the Court to exercise its jurisdiction over the disputed property. *See Curtis*, 704 F.3d at 409. McCleery's claims in her capacity as executrix concern the status of *res*, or property, that she claims is legally in the custody of the state court. Adjudication of Plaintiff's claims in this regard would therefore require this Court to assume *in rem* jurisdiction over specific assets allegedly in the movants' possession.[7]

---

[7]  Several cases from this circuit support an exercise of probate abstention in comparable situations. In a lawsuit against the executor of an estate, the Fifth Circuit held that the district court's abstention based on the probate exception was appropriate because the action required the district court to prematurely adjudicate distribution and valuation of estate assets subject to ongoing probate proceedings. *Turton v. Turton*, 644 F.2d 344, 347–48 (5th Cir. 1981).

Likewise, in *LRC Technologies, LLC v. McKee*, the Eastern District of Louisiana encountered an action for declaratory judgment that contested the decedent's ownership interest in certain assets. CIV.A. 11-1011, 2011 WL 4007389, at *3 (E.D. La. Sept. 8, 2011). The defendant, who served as the personal representative of the decedent's succession, argued that any ruling by the court would interfere with her duties in that capacity to account for and distribute estate assets. *Id.* Relying on *Turton* and applicable Louisiana law establishing the duties of a succession representative, the court found that judgment in favor of the plaintiff "would amount to … ordering a premature accounting of [the decedent's]

Ultimately, an exercise of jurisdiction over issues related to Plaintiff's duties as executrix would "interfere" with the ongoing state probate proceedings. *See Breaux v. Dilsaver*, 254 F.3d 533, 536 (5th Cir. 2001). Donald, Sr.'s succession remains open, and his estate has not yet been distributed to the legatees in accordance with his Last Will and Testament. Judgment in favor of McCleery in her capacity as executrix would necessarily involve this Court in the determination of estate assets, effect accounting consequences upon the estate, and directly relate to Plaintiff's statutory obligations as executrix. *See* La. Code Civ. Proc. arts. 3191 and 3211 (a succession representative has the duty to collect and manage all property belonging to the succession); La. Code Civ. Proc. art. 3307 (the state court renders a judgment of homologation ordering the distribution of estate assets following the succession representative's final accounting of the succession).

Given this matter's procedural posture and the claims at issue, the Court concludes that the probate exception to diversity jurisdiction applies. Accordingly, Plaintiff's claims against the decedent's children in her capacity as executrix are dismissed without prejudice to re-filing these claims in the 28th Judicial District Court of Louisiana or another venue of proper jurisdiction.

---

estate, which would interfere with the open probate proceeding … and Defendant's duties as personal representative under that state's law." *Id.* Thus, the court dismissed the action pursuant to the probate exception. *Id.*

## II.     Rule 12(b)(6) Motion

### a)     Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of a plaintiff's claims before filing its answer when the pleadings, on their face, fail "to state a claim upon which relief can be granted." A pleading states a claim for relief when, *inter alia*, it contains "a short and plain statement … showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it contains sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility requires more than just the "sheer possibility" that a defendant acted unlawfully; it calls for enough facts "to raise a reasonable expectation that discovery will reveal evidence" to support the elements of the claim. *Twombly*, 550 U.S. at 556. Although the Rule 8 pleading standard does not require "detailed factual allegations;" mere "labels and conclusions," or "a formulaic recitation of the elements of a cause of action" do not suffice. *Id.* at 555.

In ruling on a Rule 12(b)(6) motion, a court may rely on the complaint, its attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). A court must accept as true all factual allegations, although the same presumption does not extend to legal conclusions. *Iqbal*, 556 U.S. at 678. In

9

sum, if the factual allegations asserted in the complaint are wholly speculative or if it is apparent from the face of the complaint that there is an absolute bar to recovery, the claim should be dismissed. *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955.

### b) Law and Analysis

The decedent's children contend that Plaintiff has failed to state claims upon which relief can be granted with regard to her detrimental reliance, unjust enrichment, and undue influence causes of action. The Court will examine the plausibility of each of these claims in turn.

#### i. Detrimental Reliance

Detrimental reliance is a doctrine intended "to prevent injustice by barring a party from taking a position contrary to his prior acts, admissions, representations, or silence." *Luther v. IOM Co. LLC*, 2013-0353, p. 10 (La. 10/15/13); 130 So.3d 817, 825. Louisiana Civil Code Article 1976 provides, "[a] party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying." To establish a claim for detrimental reliance, a party must prove, by a preponderance of the evidence, three elements: "(i) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance." *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 231 (5th Cir. 2018) (quoting *Suire v. Lafayette City-Par. Consol. Gov't*, 907 So.2d 37, 59 (La. 2005)).

The Complaint alleges that McCleery detrimentally relied on Donald, Sr.'s assurances that she was designated as the primary beneficiary on his three life insurance policies when she agreed to loan him various amounts of money, refinance

the mortgage on her home, and donate two vehicles to him. In seeking dismissal of this claim, the decedent's children argue that Plaintiff expressly waived claims for reimbursement in the Separate Property Agreement.[8] The movants further maintain that even if Plaintiff did have a valid claim for reimbursement, the proper defendant is the decedent's estate rather than them. Based on this latter argument, the Court agrees that Plaintiff's detrimental reliance claim cannot withstand the Motion.

Article 1976 imposes liability on the *promisor* when a plaintiff establishes the elements of detrimental reliance. In this case, the purported promisor was Donald, Sr. – not his children. Thus, under these facts, an action to recover for detrimental reliance is plausible only against the succession of Donald, Sr., which Plaintiff did not join as a defendant.

In a suit based on diversity subject matter jurisdiction, questions of joinder are resolved by federal law. *Rajet Aeroservicios S.A. de C.V. v. Castillo Cervantes*, 801 F. App'x. 239, 246 (5th Cir. 2020) (citing *Provident Tradesmens Bank & Tr. Co. v. Patterson*, 390 U.S. 102, 125 n.22, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968)). Federal Rule of Civil Procedure 12(b)(7) authorizes dismissal of an action for "failure to join a party under Rule 19." Rule 19 requires a two-step inquiry:

> First a court must determine whether a party should be added under the requirements of [Rule] 19(a); then the court must determine [under Rule 19(b)] whether litigation can be properly pursued without the absent party.... (citation omitted). If the absent party should be joined under [R]ule 19(a), but the suit cannot proceed without that party under the requirements of [R]ule 19(b), the case must be dismissed.

---

[8] The Court does not herein determine the validity or effect of the Separate Property Agreement relative to the claims at issue.

*Rajet Aeroservicios*, 801 Fed. App'x. at 246 (quoting *August v. Boyd Gaming Corp.*, 135 F. App'x. 731, 732 (5th Cir. 2005)).

Here, the succession of Donald, Sr. is an indispensable party under Rule 19(a).[9] In its absence, Plaintiff would have no avenue for relief under a detrimental reliance theory because she seeks recovery for breach of the decedent's promise, but has failed to join his estate as a defendant. Further, the joinder of Donald, Sr.'s estate as a defendant would destroy complete diversity among the parties – thus depriving the Court of subject matter jurisdiction.[10] *See Strawbridge v. Curtiss*, 7 U.S. 267; 2 L.Ed. 435 (1806).

Rule 19(b) provides that "[i]f a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." The Court concludes that Plaintiff's detrimental reliance claim must be dismissed because

---

[9] Rule 19(a) defines an indispensable party as follows:
A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
Fed. R. Civ. P. 19.

[10] Even if the 28th JDC were to appoint a different succession representative to defend Plaintiff's claim against the estate, the complete diversity problem would persist. Under federal law, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). Both McCleery and the decedent are citizens of Louisiana for purposes of diversity jurisdiction. [Doc. 1].

the succession of Donald, Sr. is not a defendant to this action and adding the estate as a defendant would destroy complete diversity among the parties. Accordingly, the Motion is granted as to Plaintiff's detrimental reliance claim.

      *ii.*     *Unjust Enrichment*

Louisiana Civil Code article 2298 provides that one "who has been enriched without cause at the expense of another person is bound to compensate that person." The phrase "without cause" excludes cases in which enrichment results from a valid juridical act. *Id.*; *see also Drs. Bethea, Moustoukas & Weaver LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 407 (5th Cir. 2004) ("[O]nly the unjust enrichment for which there is no justification in law or contract allows equity a role in the adjudication.") (quoting *Edwards v. Conforto*, 636 So.2d 901, 907 (La. 1993)). Further, the doctrine of unjust enrichment is not applicable when the law supplies another remedy. *Id.* Thus, to establish a claim for unjust enrichment, a plaintiff must prove the following five elements: (i) an enrichment; (ii) an impoverishment; (iii) a connection between the enrichment and impoverishment; (iv) lack of a justification or cause for the enrichment and impoverishment; and (v) no other available legal remedy. *Zeising v. Shelton*, 648 F. App'x. 434, 437 (5th Cir. 2016) (citing *Pinegrove Elec. Supply Co., Inc. v. Cat Key Const., Inc.*, 11-660, p. 5 (La. App. 5th Cir. 2/28/12); 88 So.3d 1097, 1100).

The Fifth Circuit interprets Louisiana law to bar claims for unjust enrichment "when the claim is based on a relationship that is controlled by an enforceable contract." *Drs. Bethea, Moustoukas & Weaver LLC*, 376 F.3d at 408 (holding that

13

Louisiana law barred the plaintiff's unjust enrichment claim due to the existence of a valid contract defining the plaintiff's insurance coverage). It is well-established that life insurance proceeds are *sui generis* – that is, exclusively owned by the designated beneficiaries separate and apart from the estate of the decedent. *New York Life Ins. & Annuity Corp. v. Cannatella*, 550 F. App'x. 211, 214 (5th Cir. 2013) (citing *T.L. James & Co., Inc. v. Montgomery*, 332 So.2d 834, 847 (La. 1975)).

Assuming Donald, Sr.'s most current "Change of Beneficiary" forms constitute valid juridical acts, the movants' enrichment on account of their receipt, or anticipated receipt, of life insurance proceeds is not "without cause." However, the Complaint also alleges that these forms should be nullified "as a result of overreaching and undue influence on the part of Melanie Speed and Donald, Jr." [Doc. 1 ¶ 19]. Given these claims, Plaintiff is entitled to conduct discovery regarding whether Donald, Sr.'s capacity was vitiated at the time he executed the "Change of Beneficiary" forms.

The Court finds that at this stage in the litigation, Plaintiff maintains a plausible unjust enrichment claim in connection with her undue influence claim. The Motion is therefore denied as to the unjust enrichment claim to the extent that McCleery can establish facts supporting a cause of action for undue influence relating to the decedent's designation of his life insurance beneficiaries.[11]

---

[11] For these reasons, the Court also denies the Motion with respect to Plaintiff's undue influence claim.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART the Motion.

IT IS HEREBY ORDERED that the Court dismisses WITHOUT PREJUDICE the claims asserted by Plaintiff in her capacity as executrix of the succession of Donald McCleery, Sr. against Defendants Melanie Speed and Donald McCleery, Jr.

IT IS FURTHER ORDERED that the Court dismisses WITH PREJUDICE the detrimental reliance claim asserted by Plaintiff in her individual capacity against Defendants Melanie Speed and Donald McCleery, Jr.

IT IS FURTHER ORDERED that in all other respects, the Motion is DENIED.

THUS DONE AND SIGNED in Chambers on this 29th day of January, 2021.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE