c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CARMEN MCCLEERY, INDIVIDUALLY AND AS EXECUTRIX OF THE SUCCESSION OF DONALD MCLEERY, SR., Plaintiff | CIVIL ACTION NO. 1:20-CV-01187 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| MELANIE MCCLEERY SPEED, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

# REPORT AND RECOMMENDATION

Before the Court is a Motion for Relief in Interpleader ("Motion for Interpleader") (ECF No. 36) filed by Defendant Hartford Life and Accident Insurance Company ("Hartford"). Defendants Melanie Speed ("Speed") and Donald T. McCleery, Jr. ("McCleery") oppose. ECF No. 49. Carmen opposes only to the extent Hartford seeks attorney's fees. ECF No. 50.

Hartford's Motion for Interpleader (ECF No. 36) should be GRANTED IN PART and DENIED IN PART. Because interpleader is proper, Hartford's Motion for Interpleader (ECF No. 36) should be GRANTED IN PART. But because attorney's fees and costs would be inequitable, Hartford's Motion for Interpleader (ECF No. 36) should be DENIED IN PART.

I.  Background

Plaintiff, Carmen J. McCleery ("Carmen"), married Donald T. McCleery, Sr. (hereinafter, "Donald, Sr." or the "decedent") in 2003. ECF No. 1. Prior to their marriage, Carmen and the decedent executed a "Matrimonial Agreement Establishing Separate Property Regime" (the "Separate Property Agrement"). *Id.* The decedent separately owned three life insurance policies – two with Defendant State Farm Life Insurance Company ("State Farm") and one with Hartford.[1] *Id.*

Donald, Sr. died testate on March 27, 2020. *Id.* He is survived by Carmen, as well as two adult children from a previous marriage – Speed and McCleeary. The decedent's succession has been opened in the 28th Judicial District Court of Louisiana in LaSalle Parish, and the presiding judge appointed Carmen as the Testamentary Executrix of the Succession. *Id.* The succession proceedings are ongoing. ECF No. 24.

The parties agree that at the time of the decedent's death, the primary beneficiaries on his three life insurance policies were designated as follows: (1) Speed and McCleery under one State Farm policy; (2) Speed, McCleery, and Carmen under a second State Farm policy; and (3) Speed and McCleery under the Hartford Policy. ECF Nos. 7, 10, 16, 25. Carmen disputes the validity of the designations naming Speed and McCleery as beneficiaries under the State Farm and Hartford policies.

---

[1] According to Hartford, it issued the Policy that is the subject of this action. Prudential Insurance Company of America ("Prudential") acquired the Life Insurance Division of Hartford in a resinsurance transaction. Hartford's issuing companies continued to be the named insurers on the policies and Prudential became the administrator of the policies. ECF No. 36 at 2, n. 1.

State Farm paid life insurance proceeds to the primary beneficiaries designated by the decedent in accordance with the terms of the subject policies. ECF No. 7. Hartford has not yet made payment to any beneficiaries under the Hartford policy and instead filed a cross-claim in interpleader, seeking to deposit the contested value of the proceeds with the Court. ECF No. 16.

Carmen filed this action, asserting diversity jurisdiction. ECF No. 1. Carmen seeks relief in her capacity as executrix of the succession and in her personal capacity. *Id.* As executrix, Carmen asserts claims related to her duty as succession representative to account for the decedent's property. *Id.* She claims Speed and McCleery took items of the decedent's property without providing notice or an accounting. *Id.* Carmen seeks an order mandating return of the decedent's property to her so she may fulfill her obligations as executrix of the estate. *Id.*

In her personal capacity, Carmen asserts separate claims for detrimental reliance, unjust enrichment, and undue influence. She claims she loaned various amounts of money and donated property to the decedent based on his assurances that he named her the primary beneficiary on his three life insurance policies. *Id.* Carmen maintains that she is entitled to the value of the life insurance proceeds otherwise paid or payable to the decedent's children. *Id.*

The Court dismissed all of Carmen's claims against Speed and McCleery, except to the extent she alleges they were unjustly enriched "in connection with [Plaintiff's] undue influence claim . . . relating to the decedent's designation of his life insurance beneficiaries." ECF Nos. 27 at 14, 51 at 1.

3

Hartford now moves for interpleader relief under 28 U.S.C. § 1335(a)(1), and under Rules 22 and 67 of the Federal Rules of Civil Procedure. ECF No. 36 at 2. Specifically, Hartford seeks an Order: (1) directing Hartford to distribute to the Clerk of Court the proceeds of the Policy ($135,000) (the "Death Benefit"), plus applicable interest, if any; (2) directing the Clerk to deposit the proceeds into an interest-bearing account; (3) enjoining the parties from commencing or prosecuting further actions relating to payment of the Death Benefit; (4) discharging Hartford of all liability for payment of the Death Benefit; (5) awarding Hartford its attorney's fees and costs; (6) dismissing Hartford with prejudice; and (7) awarding any other appropriate relief to Hartford. *Id.*

Speed and McCleery oppose. ECF No. 49. Carmen objects to Hartford's motion to the extent it seeks attorney's fees. ECF No. 50 at 1. Otherwise, Carmen consents to Hartford's request to deposit the Death Benefit and be dismissed from the litigation. *Id.*

II. <u>Law and Analysis</u>

   A. <u>The Court has broad powers in an interpleader action.</u>

There are two types of interpleader: "rule interpleader" under Fed. R. Civ. P. 22 and "statutory interpleader" under 28 U.S.C. § 1335. *Auto Parts Mfg. Mississippi, Inc. v. King Const. of Houston, L.L.C.*, 782 F.3d 186, 192 (5th Cir. 2015). They are substantially the same but differ in jurisdictional requirements. *Id.*

Rule 22 provides, in pertinent part: "Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to

4

interplead." *Hartford Life & Accident Ins. Co. v. Varnado*, CV 16-15-SDD-EWD, 2016 WL 9525709, at *2 (M.D. La. Apr. 20, 2016) (citing Fed. R. Civ. P. 22). The interpleader statute, 28 U.S.C. § 1335, confers jurisdiction over cases with "minimal diversity," that is, "diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens," and requires only a $500 amount in controversy. *Id.* (citing 28 U.S.C. § 1335(a)(1)).

The Fifth Circuit instructs district courts to analyze interpleader actions in two stages, as follows:

> A district court has broad powers in an interpleader action. An interpleader action typically involves two stages. In the first stage, the district court decides whether the requirements for rule or statutory interpleader have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund. If the district court finds that the interpleader action has been properly brought the district court will then make a determination of the respective rights of the claimants.

*Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999), *cert. denied*, 531 U.S. 924 (2000).

The Fifth Circuit has held that "even the mere threat of multiple vexation by future litigation provides sufficient basis for interpleader." *Tittle v. Enron Corp.,* 463 F.3d 410, 424 n. 10 (5th Cir. 2006) (internal quotations omitted). Once a district court concludes that the requirements for interpleader have been met, it may discharge the plaintiff-stakeholder if the stakeholder is a disinterested party willing to tender the disputed funds. *Berry v. Banner Life Ins. Co.*, 718 Fed.Appx. 259, 263 (5th Cir. 2018) (citing *Auto Parts Mfg. Miss., Inc.*, 782 F.3d at 195).

      **B.**    <u>Interpleader is proper in this case.</u>

Hartford seeks an order requiring it to deposit its Policy proceeds plus any applicable interest in an interest-bearing account, enjoining any further action against Hartford relating to its liability in connection with the Death Benefit, and dismissing it with prejudice. ECF No. 36.

Speed and McCleery respond that interpleader relief is premature given the pendency of their motion for summary judgment. ECF No. 49 at 2. They contend that Hartford's motion would be moot if the Court disposed of Carmen's last remaining claim of "undue influence." *Id.*

To meet the statutory interpleader requirements: (1) the plaintiff must have had in "its custody money or property of the value of $500 or more, or having issued a . . . policy of insurance . . . of value or amount of $500 or more"; (2) the plaintiff must deposit the money or property . . . into the registry of the court, there to abide the judgment of the court"; and (3) "two or more adverse claimants, of diverse citizenship . . . are claiming or may claim to be entitled to such money or property." 28 U.S.C. § 1335. Rule 22(b) of the Federal Rules of Civil Procedure allows a defendant who meets the statutory interpleader requirements to seek interpleader through a crossclaim or counterclaim. Fed. R. Civ. P. 22(a)(2).

Here, interpleader is proper. The Policy was originally issued to Donald Sr. with a Policy date of November 28, 1984. ECF Nos. 16-1, 36-1 at 2, 36-2 at 2. Donald Sr. died on March 27, 2010. ECF Nos. 16-5, 36-1 at 3. As a result, the Death Benefits in the amount of $135,000 became due to a beneficiary or beneficiaries under the

Policy. *Id.*; *see also* ECF No. 36-2 at 2-3. Thus, a "single fund" in excess of 500.00 is at issue and is in Hartford's possession. *Id.*; *see Rhoades*, 196 F.3d at 600.

There are also adverse claimants of diverse citizenship to the Death Benefits. ECF Nos, 1, 16 at 6, 36-2 at 3-4. Carmen, Speed, and McLeery have conflicting claims to the Death Benefits. ECF Nos. 1, 16-6, 16-7, 16-8, 36-1 at 3, 36-2 at 3-4, 49 at 6. Hartford submits the September 15, 2021 Declaration of Nancy Snowden ("Snowden"), a manager at Prudential, who attests to the issuance of the policy, the beneficiary designations, the fund amount, and adverse claims to the Death Benefits. ECF Nos. 36-1 at 2-3, 36-2 at 2-4. It is undisputed that Hartford is not making a claim to the underlying policy funds at issue. ECF No. 16 at 9, 49-1 at 2-3. Therefore, Hartford is a disinterested stakeholder that should be discharged from liability and dismissed from the action. *See Berry*, 718 Fed.Appx. at 263.

C. <u>Attorney's fees are unwarranted.</u>

A district court may, in its discretion, award reasonable attorney's fees "when the interpleader is a disinterested stakeholder, and is not in substantial controversy with one of the claimants." *Berry*, 718 Fed.Appx. at 263 (quoting *Rhoades*, 196 F.3d at 603). "[A]s a general rule, when an interpleader action is successful, the court often awards costs, as well as attorney's fees, to the stakeholder." *Id.* (quoting *Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1164 (5th Cir. 1976)).

However, federal courts have declined to award attorney's fees in circumstances where: (1) the expense of litigating matters of a certain type is or should be considered as part of the normal cost of doing business for an insurance

7

company;[2] or (2) it would be inequitable as a matter of policy to force the beneficiary to bear the cost of the insurance company interpleading, either generally or when the stake is relatively small.[3]

Here, considering the record, and because fees and costs would be inequitable under these facts, an award of attorney's fees and costs is unwarranted.[4] *See Rozier v. Prudential Insurance Co. of America*, 2020 WL 5524280 at \*6 (W.D. La. Sept. 14, 2020).

### III. Conclusion

Because interpleader is proper and because an award of fees and costs would be inequitable;

IT IS RECOMMENDED that Hartford's Motion for Interpleader (ECF No. 36) be GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER RECOMMENDED that Hartford's Motion for Interpleader (ECF No. 36) be GRANTED IN PART as follows:

(1) Hartford should be required to distribute to the Clerk of Court a check equal to the sum of $135,000 (the Death Benefit), representing the proceeds due as a

---

[2] *See Metro. Life Ins. Co. v. Mitchell*, 966 F.Supp.2d 97, 105 (E.D.N.Y. 2013) ("[T]he Court adopts the view that '[c]onflicting claims to the proceeds of a policy are inevitable and normal risks of the insurance business. Interpleader relieves the insurance company of multiple suits and eventuates in its discharge. Accordingly [such actions are] brought primarily in the company's own self-interest.'"); *Unum Life Ins. Co. of Am. v. Kelling*, 170 F.Supp.2d 792, 796 (M.D. Tenn. 2001) ("[C]ourts have found, on facts identical to those of the instant case, that insurance companies should not be compensated merely because conflicting claims to proceeds have arisen during the normal course of business.").

[3] *See Unum Life Ins. Co. of Am.*, 170 F.Supp.2d at 796.

[4] Notably, Hartford's proposed order does not seek an award of attorney's fees or costs. ECF No. 36-3 at 3.

result of the death of Donald McCleery, Sr. under Policy No. U10415602, plus applicable claim interest.

(2) The Clerk of Court should be ordered to deposit into the Registry of the Court the Death Benefit, plus applicable interest, until further order from the Court.

(3) The Adverse Claimants should be permanently enjoined from: (a) making any further claims against Hartford with respect to the Death Benefits; or (b) otherwise further involve Hartford in any litigation concerning the Policy. *See* 28 U.S.C. § 2361.

(4) Following payment of the Death Benefits payable on the life of Donald McCleery, Sr. under the Policy, plus applicable interest, into the Registry of the Court, Hartford should be dismissed with prejudice from any further liability relating to the Death Benefits.

IT IS FURTHER RECOMMENDED that, to the extent they seek attorney's fees, Hartford's Motion for Interpleader (ECF No. 36) be DENIED IN PART.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed. R. Civ. P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this __18th__ day of November 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE