c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CARMEN MCCLEERY, INDIVIDUALLY AND AS EXECUTRIX OF THE SUCCESSION OF DONALD MCLEERY, SR., Plaintiff | CIVIL ACTION NO. 1:20-CV-01187 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| MELANIE MCCLEERY SPEED, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is "Plaintiff's Motion for Leave to Propound More than 25 Interrogatories, Request for Declaration of Relevancy, and Request for an Extension of the November 4, 2021 Deadline for an Opposition to the Pending Motion for Summary Judgment Until 21 Days After Receipt of Answers to Interrogatories" (hereinafter, "Motion for Leave," "Request for Declaration," and "Request for Extension") (ECF No. 40) filed by Plaintiff Carmen J. Cook McCleery ("Carmen"). Defendants Melanie Speed ("Speed") and Donald T. McCleery, Jr. ("McCleery") (collectively, "Defendants") oppose only to the extent Carmen seeks leave to exceed 25 parts and subparts under Fed. R. Civ. P. 33 and to the extent it is premature.  ECF No. 42.

I.     Background

Carmen filed this action, asserting diversity jurisdiction. ECF No. 1. Carmen seeks relief in her capacity as executrix of the succession and in her personal capacity. *Id.* As executrix, Carmen asserts claims related to her duty as succession representative to account for the decedent's property. *Id.* She claims Speed and McCleery took items of the decedent's property without providing notice or an accounting. *Id.* Carmen seeks an order mandating return of the decedent's property to her so she may fulfill her obligations as executrix of the estate. *Id.*

In her personal capacity, Carmen asserts separate claims for detrimental reliance, unjust enrichment, and undue influence. She claims she loaned various amounts of money and donated property to the decedent based on his assurances that he named her the primary beneficiary on his three life insurance policies. *Id.* Carmen maintains that she is entitled to the value of the life insurance proceeds otherwise paid or payable to the decedent's children. *Id.*

The Court dismissed all of Carmen's claims against Defendants, except to the extent she alleges they were unjustly enriched "in connection with [Plaintiff's] undue influence claim . . . relating to the decedent's designation of his life insurance beneficiaries." ECF Nos. 27 at 14, 51 at 1.

On October 14, 2021, Defendants filed a First Motion for Summary Judgment (ECF No. 37), seeking dismissal of all remaining claims. On October 19, 2021, Carmen filed this motion due to an ongoing discovery dispute concerning Defendants' objections to the number and relevance of the interrogatories. ECF No. 40. On

November 1, 2021, the Court held a telephonic status conference with the parties. ECF No. 51.

## II. Law and Analysis

### A. Carmen may propound the Interrogatories exceeding 25.

On October 3, 2021, Carmen propounded discovery on Defendants. ECF Nos. 40, 40-3. On October 15, 2021, Defendants objected to the number of Interrogatories, including subparts, and their relevancy. ECF No. 40-4. The parties engaged in a discovery teleconference on October 19, 2021. ECF Nos. 40, 40-4 at 2.

Thereafter, they sought – and had – a status conference with the Court. ECF Nos. 41, 44, 51. The Court instructed that "any further discovery in this matter is limited to the claims that remain pending." ECF No. 51. Otherwise, specific questions were deferred to the undersigned. *Id.*

Carmen now seeks leave to propound her Interrogatories (ECF No. 40-3), including their subparts. ECF No. 40 at 2. If granted, Carmen also requests a deadline be set for Defendants' response. *Id.* If denied, Carmen seeks leave to propound an amended set of Interrogatories, as well as deadlines for service and Defendants' response. *Id.*

Rule 33 of the Federal Rules of Civil Procedure provides for the service of written interrogatories. Unless otherwise stipulated or ordered by a court, a party seeking discovery under Rule 33 may serve "no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1)-(2). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing

3

under oath." Fed. R. Civ. P. 33(b)(3). The grounds for objections must be stated with specificity. Fed. R. Civ. P. 33(b)(4). A party seeking discovery may move for an order compelling an answer, designation, production, or inspection if a party fails to answer an interrogatory submitted under Rule 33. Fed. R. Civ. P. 37(a)(3)(B)(iii).

Where a party seeks leave to serve more than 25 interrogatories, leave "may be granted to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 33(a)(1); *Estate of Manship v. United States*, 232 F.R.D. 552, 559 (M.D. La. 2005). Rule 26(b)(1) provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Proc. 26(b)(1). Rule 26(b)(2) instructs that discovery should be limited when:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(c). The numerical limit on interrogatories is intended to protect against the potentially excessive use of interrogatories, not to prevent necessary discovery. *Manship*, 232 F.R.D. at 554 n.1.

Here, Carmen's discovery requests included 31 Interrogatories, 28 Requests for Production, and 14 Requests for Admission. ECF No. 40-1 at 1. She admits

Interrogatories 2-4, and 7-31 all contain subparts. *Id.* at 2. However, she contends all subparts fall within Rule 33's "related question" test. *Id.*

Defendants contend Carmen's propounded discovery exceeds "200 parts and subparts." ECF No. 40-4 at 1. Defendants further contend the pending Motion for Summary Judgment involves a pure issue of law to determine whether Carmen is entitled to relief under La. Civ. Code art. 1926. ECF No. 42 at 2. Thus, they assert a general relevance objection. They contend nothing provided in discovery will change the Court's analysis of their motion. *Id.* at 3. Defendants further argue that even a liberal interpretation shows at a minimum 104 parts and subparts. *Id.* at 4.

In its Ruling (ECF No. 27), this Court previously held that "Plaintiff is entitled to conduct discovery regarding whether Donald, Sr.'s capacity was vitiated at the time he executed the "Change of Beneficiary" forms." ECF No. 27 at 14. Additionally, the Court determined Carmen "maintains a plausible unjust enrichment claim in connection with her undue influence claim." *Id.* The Court denied Defendants' Motion to Dismiss to the extent Carmen "can establish facts supporting a cause of action for undue influence relating to the decedent's designation of his life insurance beneficiaries." *Id.* In making this determination, the Court acknowledged Carmen's claim that the "forms should be nullified 'as a result of overreaching and undue influence on the part of Melanie Speed and Donald, Jr.'" *Id.*

Carmen argues that the basis of her unjust enrichment claim is that she loaned various amounts of separate property to Donald, Sr. based on his representation that she was the beneficiary under his life insurance policies. ECF No. 40-1 at 2. She

contends he failed to do what he said he would, and that Defendants received or stand to receive approximately $200,000 in life insurance proceeds. *Id.* at 3. Carmen argues every discovery request is "relevant to the claim of unjust enrichment and to establish[] overreaching/manipulation/collusion" between Donald, Sr. and Defendants. *Id.*

Here, Carmen is entitled to any facts supporting: (1) "whether Donald, Sr.'s capacity was vitiated" at the time he executed change of beneficiary forms; (2) any facts supporting the claims or defenses for unjust enrichment; and (3) any facts concerning undue influence as it relates to Donald, Sr.'s designation of life insurance beneficiaries. Absent objections, the Court need not make any specific determinations as to relevancy of each discovery request. And any ruling as to each request is premature under the present motion before the Court.

In determining whether subparts should be considered separate interrogatories, courts consider "whether the interrogatory subparts are 'logically or factually subsumed within and necessarily related to the primary [interrogatory] question.'" *Manship*, 232 F.R.D. at 554 (quoting *Dang v. Cross*, 2002 WL 432197 at *3 (C.D. Cal. Mar. 18, 2002)) (alteration in original)). In other words, a court should determine "whether the first question is primary and subsequent questions are secondary to the primary question." *Id.* at 554.

Defendants offer no analysis to address why the Interrogatory's subparts are "discrete." Except Defendants note as one example Interrogatory Nos. 2 and 3, which do clearly contain "discrete subparts" constituting multiple interrogatories. ECF Nos.

6

41-3, 42 at 3-4. The Court will not separately analyze each individual Interrogatory for its discrete subparts. But in reviewing the Interrogatories, it appears Carmen's requests exceed Rule 33's numerical limit.[1]

However, Carmen is granted leave to propound her first set Interrogatories (ECF No. 40-3), which exceeds 25, and the Court overrules Defendants' objection as to the number of discovery requests.[2] There is no indication on the record before the Court that Carmen's use of interrogatories has been excessive. *See Manship*, 232 F.R.D. at 554 n.1. Additionally, under Rule 26(b)(2)(C), the Court considers the burden and expense or the likely benefit of the proposed discovery. Carmen states her lack of resources and intent not to seek depositions in requesting leave. Additionally, all other claims have been dismissed, and it does not appear any discovery has been had concerning her remaining claims. With the pendency of

---

[1] Rule 33(a) does not define "discrete subparts," but the Advisory Committee states that "a question asking about communications of a particular type should be treated as a single interrogatory even though it requests the time, place, persons present, and contents be stated separate for each such communication." Fed. R. Civ. P. 33(a), Advisory Committee Notes to 1993 Amendment. The Court also notes that coordinating requests for documents contained within an interrogatory should be treated as a request for production and will not constitute a "discrete subpart." Also, "identifying a person by name, address, phone number and place of employment is necessary to accurately identify a person and does not count as four separate interrogatories." *Manship*, 232 F.R.D. at 554, n.2. But an interrogatory which requests disclosure of a party's basis for denying individual requests for admission constitutes a multiple interrogatory "for the purposes of the numerical limit." *See Cubellis, Inc. v. LIFT*, 2008 WL 11355010, at *3 (E.D. La. Oct. 27, 2008). And "when an interrogatory asks the responding party to state facts, identify witnesses, or identify documents supporting the denial of each request for admission contained in a set of requests for admission, it usually should be construed as containing a subpart for each request for admission contained in the set." *Id.* (citation omitted).

[2] This has no bearing on Defendants' ability to state their specific objections to each discovery request in accordance with the Federal Rules of Civil Procedure.

7

Defendants' Motion for Summary Judgment, the discovery will very likely help resolve remaining issues.

Under Rule 33(b)(2), the responding party must serve its answers and any objections within 30 days after being served the interrogatories. Fed. R. Civ. P. 33(b)(2). There is nothing in the record indicating whether Defendants have responded to any of Carmen's discovery requests.

Given the ongoing discovery dispute, the Court grants an extension to Defendants to respond to Carmen's discovery requests (ECF No. 40-3) within 30 days of the date of this Order.[3] Defendants are instructed to answer each interrogatory – to the extent it is not specifically objected to – separately and fully in accordance with Rule 33.[4]

### B.   Carmen's Request for Declaration (ECF No. 40) is granted.

Carmen seeks an order requiring Defendants to answer all the Interrogatories on the basis that they are "reasonably calculated to lead to the discovery of admissible evidence relating to her claims of unjust enrichment and overreaching." ECF No 40 at 3. Defendants do not oppose. ECF No. 42.[5] Having no opposition and determining relevance as discussed above, Carmen's Request for Declaration (ECF No. 40) is GRANTED.

---

[3] Carmen impliedly consents as she requests the Court set a deadline for responses upon resolution of the dispute.

[4] Any objections to each Interrogatory must be stated with specificity. Fed. R. Civ. P. 33(b)(4). If asserting any privilege or work-product, Defendants must produce a privilege log.

[5] Defendants also requested a telephonic discovery conference to discuss the relevancy of the propounded discovery to the remaining claims. ECF Nos. 41, 42 at 2, 51.

### C. Carmen's unopposed Request for Extension (ECF No. 40) is granted.

The Court set a deadline for any response to Defendants' Motion for Summary Judgment for November 4, 2021. ECF No. 38. On October 19, 2021, due to the ongoing discovery dispute, Carmen filed this request (ECF No. 40) for a 21-day extension to oppose Defendants' Motion, beginning from the deadline requested herein for discovery responses. ECF No. 40-1 at 3. Defendants do not oppose. ECF No. 42 at 2.

Thus, Carmen's Request for Extension (ECF No. 40) is GRANTED. Carmen is allowed 21 days, beginning from receipt of responses to discovery, to file a response to Defendants' Motion for Summary Judgment.

### III. Conclusion

Because Carmen's Interrogatories (ECF No. 40-3) do exceed 25, and because there is no clear indication the propounded discovery is unwarranted under Rule 26, Carmen's Motion for Leave (ECF No. 40) is GRANTED. Defendants shall have 30 days from the date of this Order to respond to the discovery requests.

Because both parties seek clarification of the relevancy of Carmen's propounded discovery to the remaining claims, Carmen's Request for Clarification (ECF No. 40) is GRANTED.

Due to the pendency of this ongoing discovery dispute, and because it is unopposed, Carmen's Request for Extension (ECF No. 40) is GRANTED. Carmen shall have 21 days from receipt of Defendants' discovery responses to file a response to Defendants' Motion for Summary Judgment.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this <u>18th</u> day of November 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE