UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CARMEN MCCLEERY, INDIVIDUALLY AND AS EXECUTRIX OF THE SUCCESSION OF DONALD T. MCCLEERY, SR. | CIVIL DOCKET NO. 1:20-CV-01187 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| MELANIE MCCLEERY SPEED, ET AL | MAGISTRATE JUDGE JOSEPH H.L. PEREZ-MONTES |

## MEMORANDUM RULING

Before the Court is a MOTION FOR SUMMARY JUDGMENT (the "Motion") pursuant to Federal Rule of Civil Procedure 56 filed by Melanie Speed ("Speed") and Donald Thomas McCleery, Jr. ("Donald, Jr.") (collectively, "Defendants"). [Doc. 37]. Plaintiff, Carmen McCleery ("McCleery") and Defendant, Hartford Life and Accident Insurance Company ("Hartford") oppose the Motion.[1] [Docs. 53, 61, 64]. Defendants also move to strike Plaintiff McCleery's Affidavit [Doc. 61-5], which she attached in support of her opposition to the Motion.[2] [Doc. 65]. For the following reasons, the Motion is GRANTED.

---

[1] Hartford opposes the Motion only to the extent it seeks to dismiss Hartford's request for interpleader relief. [Doc. 53]. As the Court has already granted Hartford's Motion for Relief in Interpleader and dismissed them from this action, Defendants' request to deny interpleader is denied as moot. [Docs. 54, 56, 60].

[2] Given the basis of its ruling on the summary judgment motion, the Court does not need to determine the legal sufficiency of Plaintiff's affidavit or the applicability of La. Rev. Stat. 13:3721.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was married to Donald T. McCleery, Sr. ("Donald, Sr.") from June 7, 2003, until his death on March 27, 2020. [Doc. 1 ¶¶ 3,12]. Prior to his death, the decedent separately owned three life insurance policies – two with Defendant State Farm Life Insurance Company ("State Farm") and one with Hartford. [*Id.* ¶¶ 2,4]. It is undisputed that at the time of Donald, Sr.'s death, the primary beneficiaries of his three life insurance policies were designated as follows:[3] (i) Speed and Donald, Jr. under one State Farm policy;[4] (ii) Speed, Donald, Jr., and McCleery under a second State Farm policy;[5] and (iii) Speed and Donald, Jr. under the Hartford policy.[6] [Docs. 7, 10, 16, 25]. State Farm has paid the primary beneficiaries according to its obligations under the policies. [Doc. 7, ¶ 9]. Hartford has not yet made payment to any beneficiaries under their policy but has instead deposited $143,517.95 into the registry of the Court. [Docs. 54, 56, 60].

Plaintiff disputes the validity of the designations naming Speed and Donald, Jr. – the decedent's surviving adult children from a previous marriage – as primary beneficiaries under both the State Farm and Hartford policies. On September 14, 2020, she initiated this action under 28 U.S.C. § 1332's grant of diversity of

---

[3] State Farm and Hartford indicate that Donald, Sr. changed the primary beneficiaries on each of his life insurance policies on multiple occasions after he purchased the policies by executing "Change of Beneficiary" forms. [Docs. 7, 16].

[4] Policy number: LF-1391-0639 (the "639 policy").

[5] Policy number: LF-11503675 (the "675 policy").

[6] Policy number: U10415602 (the "Hartford policy").

2

citizenship subject matter jurisdiction. [Doc. 1]. McCleery sought relief in both her capacity as executrix of Donald, Sr.'s succession and in her personal capacity. [*Id.* ¶ 1]. In her personal capacity, McCleery asserted claims for detrimental reliance, unjust enrichment, and undue influence. [*Id.* ¶¶ 17-19]. She claims she loaned various amounts of money and donated property to the decedent based on his assurances that he named her the primary beneficiary on his three life insurance policies.[7] McCleery maintains that she is entitled to the entire value of the life insurance proceeds paid or otherwise payable to the decedent's children. [*Id.* ¶ 22].

On January 29, 2021, the Court issued a MEMORANDUM RULING dismissing McCleery's claims as executrix of the decedent's estate pursuant to the probate exception to diversity jurisdiction and dismissing certain claims brought in her personal capacity for failing to state claims upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). [Doc. 27]. Left remaining, however, was Plaintiff's personal capacity claim against the Defendants that they were unjustly enriched by their designation as beneficiaries on the life insurance policies because they exercised undue influence over the decedent's decision to list them as such. [*Id.* at 14]. The Court subsequently ordered a period of discovery for Plaintiff to conduct

---

7  McCleery states that she loaned or donated the following property to Donald, Sr.:

  (i)   In 2008, $19,000 from her personal IRA account;
  (ii)  In 2010, a 2000 Lincoln Town Car valued at $8600;
  (iii) In 2015, a 2010 Lincoln MKZ valued at $17,980;
  (iv)  In 2015, she refinanced the mortgage on her separate property to secure a personal loan to Donald, Sr.;
  (v)   In 2017, the 2015 loan was converted into a joint multiple indebtedness mortgage loan in the amount of $72,831.04, which went to pay the personal debts of Donald, Sr. [Doc. 1].

discovery concerning "whether Donald, Sr.'s capacity was vitiated at the time he executed the Change of Beneficiary forms." [*Id.*; Doc. 51]. Following this period of discovery, Defendants now bring this Motion before the Court.

## DISCUSSION

### I. Legal Standard

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In deciding a motion for summary judgment, the Court must construe all facts and draw all inferences in the light most favorable to the non-movant. *Houston v. Texas Dep't. of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (citing *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 389 (5th Cir. 2013).

If the dispositive issue is one on which the nonmovant will bear the burden of proof at trial, the movant may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmovant's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmovant, who must, by submitting or referring to evidence, set out specific facts showing that a

genuine issue exists. *See Id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See e.g., Little*, 37 F.3d at 1075 ("Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (Quoting *Celotex*, 477 U.S. at 322)).

## II. Analysis

Speed and Donald, Jr. seek summary judgment dismissing McCleery's remaining claims on the basis that: (i) Louisiana law does not provide for the requested relief – *i.e.*, undue influence or overreaching is not a permissible ground to nullify a life insurance beneficiary designation; or alternatively, (ii) even if Louisiana law does provide for such relief, Plaintiff cannot show that Defendants exerted undue influence or overreaching on Donald, Sr. [Doc. 37-3]. Defendants also seek to dismiss Hartford's request for interpleader. [*Id.*].

In response, McCleery suggests there are several genuine disputes of material fact regarding whether Donald, Sr.'s failure to name her as a beneficiary was "the result of undue influence and overreaching on the part of Defendants." [Doc. 64]. McCleery also raises an additional argument that the "Change of Beneficiary" forms violate "public order and good morals." [*Id.*]. Finally, McCleery suggests that she maintains a fraud claim, which according to her, the Court's January 29, 2021,

MEMORANDUM RULING did not address.[8] [*Id.*]. As such, she argues summary judgment dismissing all her claims is improper. Each argument will be addressed in turn.

      **a.    Unjust Enrichment**

Louisiana Civil Code Article 2298 provides that one "who has been enriched without cause at the expense of another person is bound to compensate that person." To establish a claim for unjust enrichment, a plaintiff must prove the following five elements: (i) an enrichment; (ii) an impoverishment; (iii) a connection between the enrichment and impoverishment; (iv) lack of a justification or cause for the enrichment and impoverishment; and (v) no other available legal remedy. *Zeising v. Shelton*, 648 F. App'x. 434, 437 (5th Cir. 2016) (citing *Pinegrove Elec. Supply Co., Inc. v. Cat Key Const., Inc.*, 11-660, p. 5 (La. App. 5th Cir. 2/28/12); 88 So.3d 1097, 1100). The Fifth Circuit interprets Louisiana law to bar claims for unjust enrichment "when the claim is based on a relationship that is controlled by an enforceable contract." *Drs. Bethea, Moustoukas & Weaver LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 407 (5th Cir. 2004) ("[O]nly the unjust enrichment for which there is no justification

---

[8] McCleery directs the Court to paragraph 17 of her Complaint, which states, "When Donald, Sr. changed the State Farm policy beneficiaries shortly before his death, he acted with intent to defraud and/or to gain an unjust personal advantage and/or to gain an advantage in favor of his children." [Doc. 1]. Although the Complaint specifies neither: (i) the capacity in which McCleery purports to assert this alleged fraud claim, (ii) against whom it is asserted, nor (iii) the specific nature of the fraud claim as required by Federal Rule of Civil Procedure 9(b), the Court will liberally construe the Complaint to interpret the "fraud claim" as pleading a vice of consent under Louisiana Civil Code Article 1953 relative to the life insurance contract beneficiary designations.

in law or contract allows equity a role in the adjudication") (quoting *Edwards v. Conforto*, 636 So.2d 901, 907 (La. 1993)).

Assuming Donald, Sr.'s most current "Change of Beneficiary" forms constitute valid juridical acts, Defendants' enrichment on account of their receipt, or anticipated receipt, of life insurance proceeds is not "without cause." *Edwards*, 636 So.2d at 907 (quoting *Edmonston v. A-Second Mortg. Co. of Slidell, Inc.*, 289 So.2d 116, 122 (La.1974); *see also* La. Civ. Code Art. 2298 ("The term 'without cause' is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law"). Thus, to prevail on her unjust enrichment claim, Plaintiff must demonstrate that these forms are not valid juridical acts or are contrary to law.

Under Louisiana law, formation of a valid and enforceable contract requires that: (1) the parties possess the capacity to contract; (2) the parties' mutual consent be freely given; (3) there be a certain object for the contract; and (4) the contract have a lawful purpose. *New Orleans City v. Ambac Assur. Corp.*, 815 F.3d 196, 202 (5th Cir. 2016). McCleery seeks to attack the first requirement – the capacity of Donald, Sr. to execute the "Change of Beneficiary" forms.

Louisiana Civil Code Article 1926 provides that "a contract made by a noninterdicted person deprived of reason at the time of contracting may be attacked after his death, on the ground of incapacity, only when:

    (i) the contract is gratuitous, or
    (ii) it evidences lack of understanding, or
    (iii) was made within thirty days of his death, or
    (iv) when an application for interdiction was filed before his death."

La. Civ. Code Art. 1926.

7

A review of the summary judgment evidence shows that McCleery cannot establish a genuine dispute as to the non-existence of any of the Article 1926 requirements. There is no evidence that the "contracts" – *i.e.*, the "Change of Beneficiary" forms – were gratuitous.[9] None of the forms were executed within thirty days of Donald, Sr.'s death on March 27, 2020.[10] Neither the forms themselves nor any evidence submitted by McCleery suggest a lack of understanding by Donald, Sr. as to the meaning of the forms. Finally, there is no evidence that an application for interdiction was filed before Donald, Sr.'s death.

Plaintiff does not contest these facts. Instead, she urges the Court to apply an exception to Article 1926 under a theory that Donald, Sr. lacked the capacity to execute the forms due to the exertion of undue influence or overreaching by Speed and Donald, Jr. In this regard, McCleery requests that the Court apply a broad definition of "undue influence" to include both "physical coercion or duress" as well as "more subtle influences, such as creating resentment toward a natural object of the donor's bounty by false statements" and cites Comment (b) to Louisiana Civil Code Article 1479 – a donations article – in support of this definition.[11] [Doc. 64, p. 5].

---

[9] Under Louisiana law, the redesignation of a beneficiary is not a gratuitous act. *Martin v. Metropolitan Life Ins. Co.*, 516 So.2d 1227 (La. App. 2d Cir. 1987); *Standard Life Ins. Co. v. Taylor*, 428 So.2d 1294 (La. App. 3d Cir. 1983).

[10] The date of the last "Change of Beneficiary" form executed under the "639 policy" was December 13, 2017. [Doc. 37-4, p. 7]. The date of the last "Change of Beneficiary" form executed under the "Hartford policy" was August 11, 2003. [Doc. 37-6, p. 5-6]. The date of the last "Change of Beneficiary" form executed under the "675 policy" was September 6, 2019. [Doc. 37-8, p. 5-6]. There is no evidence that any forms are missing or are incorrectly dated.

[11] The Court notes that Plaintiff's proffered application of Louisiana's law of donations to a life insurance dispute is problematic. *See Succession of Lane,* 1995–0558 (La. App. 4 Cir. 09/28/95), 662 So.2d 82, *writ denied,* 1995–2510 (La. 12/15/95), 664 So.2d 440; *Kambur v.*

McCleery does not define nor provide any legal authority to support her argument that "overreaching" may nullify a life insurance beneficiary designation.

After reviewing the pleadings, the attached evidence, and the relevant case law, the Court finds that McCleery fails to cite any authority supporting the application of such an exception to an insurance beneficiary dispute. Plaintiff's reliance upon *American General Life Ins. Co., Inc. v. Wilkes* as an analogous case that supports her claim is misplaced. 619 F.Supp.2d 252 (M.D. La. 2008). In *Wilkes*, a daughter challenged a change of beneficiary designation in favor of the decedent's surviving spouse on the ground that the decedent's capacity was vitiated by fraud or undue influence. *Id.* at 254. Relying on over 150 years of Louisiana jurisprudence, the *Wilkes* court made an "*Erie* guess" that Louisiana law does not recognize a fraud or undue influence exception to Article 1926 that would act to nullify a change of beneficiary form. *Id.* at 256-57. The Court further held that even if there was an applicable fraud or undue influence exception to Article 1926, the facts could not establish either fraud or undue influence. *Id.* As such, the *Wilkes* case does not support Plaintiff's argument.[12]

---

*Kambur,* 1994–0775, p. 6 (La. App. 5 Cir. 03/01/95), 652 So.2d 99, 103; *American Health & Life Ins. Co. v. Binford,* 511 So.2d 1250, 1253 (La. App. 2 Cir. 1987). However, as courts have considered the term "undue influence" together with "fraud" when addressing whether an exception to Article 1926 exists, the Court will consider these terms collectively when addressing Plaintiff's arguments. *See American General Life Ins. Co., Inc. v. Wilkes*, 619 F.Supp.2d 252 (M.D. La. 2008), *aff'd*, 290 Fed. Appx. 688 (5th Cir. 2008); *see also Taylor*, 428 So.2d at 1297; *Butler v. Austin*, 150 So. 449, 451 (La. App. 2 Cir. 1933).

[12] The *Martin v. Metropolitan Life Ins. Co.* decision cited by Plaintiff is also distinguishable from this matter. 516 So.2d 1227. In addition to several factual differences between the two cases, the Plaintiff in *Martin* argued that she and the decedent had entered into a contractual agreement prohibiting him from changing the beneficiaries on his life

Even if Plaintiff could establish an exception to Article 1926, she still cannot show that Defendants exerted undue influence, overreaching, or fraud upon Donald, Sr. by substituting their volition for his, nor that his capacity was otherwise vitiated when he executedthe "Change of Beneficiary" forms. Indeed, most of the conduct that Plaintiff alleges in support of her undue influence claim was taken by Donald, Sr., the decedent – not by Speed and Donald, Jr., the Defendants. As the succession of Donald, Sr. is not a party to this action, any alleged misdeeds of the decedent are not relevant to this Motion and cannot be imputed to be the actions of Defendants. *See McCleery v. Speed*, 516 F.Supp.3d 592, 600-01 (W.D. La. Jan. 29, 2021) (dismissing McCleery's detrimental reliance claim because the proper defendant for recovery – the succession of Donald, Sr. – was not joined). Focusing only on the alleged conduct of Speed and Donald, Jr., the summary judgment evidence reveals only the following acts allegedly constituting undue influence:

(i) Donald, Jr. stayed at McCleery's house by himself while Donald, Sr. was in the hospital [Doc. 64, p. 11];
(ii) Defendants benefited from large checks written by the decedent after the death of Wanda McCleery, Donald, Sr.'s former spouse [Doc. 64, p. 17];
(iii) Speed held a Power of Attorney from the decedent and authorized the withdrawal of nutritional support under her authority [Doc. 64, p. 17];
(iv) Speed received hospitalization checks from State Farm, which she deposited into her personal account [Doc. 64, p. 17];
(v) Defendants were aware of the life insurance policies and their status as beneficiaries yet indicated during discovery that they had never spoken to the decedent about the policies [Doc. 64, p. 17];
(vi) Speed used Donald, Sr.'s vehicle while he was in the hospital [Doc. 64, p. 17].

---

insurance policy. *Id*. at 1231. Here, the summary judgment evidence does not support any existence of such a contract between McCleery and Donald, Sr.

Reviewing these facts in the light most favorable to McCleery, the Court does not find that a reasonable jury would consider any of the alleged conduct by Defendants to be undue influence, overreaching, or fraud. There are no allegations of physical coercion, duress, or false statements taken by the Defendants which would tend to create resentment by Donald, Sr. towards McCleery – the "natural object of Donald, Sr.'s bounty." *See* La. Civ. Code Art. 1479, Cmt. (b). Additionally, McCleery does not set forth any specific facts that Donald, Sr. was misled or deceived by Speed and Donald, Jr. about the substance or consequences of changing the beneficiary designations on his policies. *Wilkes*, 619 F.Supp.2d at 257. That Speed and Donald, Jr. received some benefits while their father was in the hospital, made decisions regarding his well-being during his final days, and had some knowledge of the existence of his life insurance policies – all of which occurred after Donald, Sr. made the last beneficiary change on September 16, 2019 – does not mean they coerced, deceived, or mislead him into naming them as primary beneficiaries.

Ultimately, because the alleged factual conduct by Defendants does not bear on Donald, Sr.'s decision to change the beneficiary of his insurance policies, the relevant summary judgment evidence fails to create a genuine dispute on this issue. As Plaintiff cannot establish that Donald, Sr. lacked the capacity to execute the "Change of Beneficiary" forms, she cannot establish that they are invalid juridical acts. Thus, McCleery's unjust enrichment claim fails as a matter of law and summary judgment dismissing Plaintiff's unjust enrichment and undue influence claims is warranted.

11

### b. Violation of "Public Order and Good Morals"

Perhaps recognizing the insufficient factual support for her "undue influence" argument, McCleery argues that the Court should redesignate the insurance beneficiaries because the original designation was made against "public order and good morals." [Doc. 64, p. 13]. Plaintiff relies on language from *N.Y. Life Ins. Co. v. Neal* in support of this policy argument. 114 La. 652 (1905). In *N.Y. Life*, the Louisiana Supreme Court applied for the first time to a life insurance policy the provisions of the Civil Code relative to donations. The Court held that life policy made payable to the insured's concubine was a gift contrary to "public order and good morals." *Id.* at 657 ("An owner of property, head of a family, cannot divest himself by insurance upon his life of all his property, to the injury of his children, and in violation of good morals and public policy. If, in insuring, he violates the prohibition in question, the law strikes down the insurance as effectually as it would a donation or a gratuitous stipulation pour autrui.").

Beyond the factual differences between *Neal* and the instant case, there are several problems with this argument.[13] First, Plaintiff raises this claim for the first time in her opposition to this Motion. The law is clear in this Circuit that claims

---

[13] The Civil Code at the time prevented those in "open concubinage" from donating to each other movables exceeding one-tenth the whole value of their estate. La. Civ. Code Art. 1481 (1870). Considering that law and the fact that the decedent left behind three minor children, the court viewed the divestiture as "a gratuity under the guise of insurance." *Neal*, 114 La. at 657. *Neal* was later overruled by *Sizeler v. Sizeler*. 170 La. 128, 132 (1930) ("As this case cannot be reconciled with [a long line of decisions] holding that the [life insurance] policy or its proceeds never formed any part of the estate of the deceased, the decision in the *Neal* Case is clearly in conflict with the settled jurisprudence of the state and is overruled.").

which are not properly raised in the complaint, but rather are raised only in response to a motion for summary judgment, are not properly before the Court. *Cutrera v. Board of Sup'rs of Louisiana State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005). Additionally, the Court's January 29, 2021, MEMORANDUM RULING has already confined the scope of Plaintiff's case to her unjust enrichment claim in connection with undue influence. [Doc. 27, p. 14]. Plaintiff's "policy" argument – while arising from the same factual conduct – is an alternative and separate theory of recovery from her unjust enrichment claim.

Ignoring these procedural hurdles, McCleery still has not adequately demonstrated that the Court should set aside the "Change of Beneficiary" forms because they were made "in violation of law, good morals, and public policy." She fails to cite any Louisiana law that prohibits such a designation. *Travelers Ins. Co. v. Joseph*, 1995-0200, p. 10 (La. 06/30/95), 656 So.2d 1000, 1004 ("The Civil Code establishes the freedom to contract on all matters not forbidden by law."). To show that the forms are immoral, she relies upon the same factual conduct she argues in support her unjust enrichment claim. Just as those factual allegations failed to support a theory of undue influence or overreaching, they equally fail to persuade the Court that Donald, Sr.'s "Change of Beneficiary" forms run contrary to "public order or good morals." Accordingly, summary judgment is granted as to this claim.

    **c.**    **Fraud as a Vice of Consent**

Finally, the Court examines whether there is a genuine dispute of material fact as to whether the decedent's consent in executing the life insurance beneficiary

designations was vitiated by fraud. Louisiana Civil Code Article 1953 provides that contractual consent may be vitiated by fraud. *Shelton v. Standard/700 Associates*, 2001-0587, p. 4 (La. 10/16/01), 798 So.2d 60, 64. Fraud is defined as "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." La. Civ. Code Art. 1953. Fraud must be plead with particularity. Fed. R. Civ. P. 9(b).

The crux of Plaintiff's fraud claim is that Donald, Sr. falsely represented to her that she was the primary beneficiary of his life insurance policies when, in fact, she was not. [Doc. 64, p. 5]. However, after reviewing the summary judgment evidence, Plaintiff provides no support for the contention that either Speed or Donald, Jr. – the Defendants – made any misrepresentations to Plaintiff with respect to Donald, Sr.'s failure to name Plaintiff as the primary beneficiary on his life insurance policies. Indeed, she fails to provide any evidence that Defendants even had any knowledge of the alleged promises by Donald, Sr. Accordingly, even assuming all McCleery's factual allegations are true, the purportedly fraudulent actor is the decedent – not his children.

Under the facts presented, an action to recover for the fraudulent conduct of Donald, Sr. is plausible only against his succession, which Plaintiff did not join as a defendant.[14] The Court therefore concludes that Defendants are entitled to judgment

---

[14] The Court has already held that the succession of Donald, Sr. is an indispensable party under Federal Rule of Civil Procedure Rule 19(a) as to related claims and that the joinder of his estate as a defendant would destroy complete diversity among the parties –

14

as a matter of law to the extent a fraud claim has been asserted against them. Accordingly, summary judgment in favor of the Defendants is granted.

## CONCLUSION

Because: (i) Plaintiff has not offered sufficient summary judgment evidence to create a genuine dispute regarding Donald, Sr.'s capacity to contract at the time he signed the "Change of Beneficiary" forms, (ii) Louisiana law does not recognize an undue influence, overreaching, or fraud exception to Article 1926, (iii) McCleery has not and cannot adequately allege that Donald Sr.'s execution of the "Change of Beneficiary" forms violated "public order or good morals," and (iv) McCleery has neither adequately alleged nor provided evidence of fraud such as would vitiate Donald, Sr.'s consent, Defendants Speed and Donald, Jr. are entitled to summary judgment as a matter of law. Additionally, the Court finds that the claims against Hartford and State Farm rely upon the same legal principles and material facts as those asserted against Speed and Donald, Jr. Accordingly, the Court *sua sponte* grants summary judgment and dismisses the claims against Hartford and State Farm. *Atkins v. Salazar*, 677 F.3d 667, 678 (5th Cir. 2011) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte,* so long as the losing party was on notice that she had to come forward with all of her evidence").

---

thus depriving the Court of subject matter jurisdiction. *See* [Doc. 27, p. 12]; *see also Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

For the above-mentioned reasons,

IT IS HEREBY ORDERED that Defendants' MOTION FOR SUMMARY JUDGMENT [Doc. 37] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's remaining claims, including allegations of unjust enrichment, undue influence, public policy, and fraud are DISMISSED WITH PREJUDICE against all defendants.

IT IS FURTHER ORDERED that the Clerk of Court shall pay the Hartford life insurance proceeds deposited into the registry of this Court in interpleader (receipt 14635003923) to defendants, Melanie M. Speed and Donald McCleery, Jr., in equal amounts.

THUS, DONE AND SIGNED in Chambers on this 17th day of March 2022.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE